Tiffany **MEYER**, f/k/a Tiffany Cavoretto, Plaintiff,

v.

**ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, Defendant.**

No. 15–3313

United States District Court, C.D. Illinois, **Springfield Division.**

Signed February 16, 2016

Filed February 17, 2016

John D. Lynn, Jessica M. Scales, Sedey Harper Westhoff, St. Louis, MO, for Plaintiff.

Stephanie Dodge Gournis, Drinker Biddle & Reath LLP, Chicago, IL, for Defendant.

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Partial Motion to Dismiss (d/e 6) filed by Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis. Because Plaintiff Tiffany Meyer, f/k/a Tiffany Cavoretto, has alleged sufficient facts to demonstrate her standing and the ripeness of her failure-to-accommodate claim, the Motion is DENIED.

## I. BACKGROUND

On November 4, 2015, Plaintiff filed a Complaint against Defendant alleging that Defendant discriminated against Plaintiff because of her disability, refused to provide a reasonable accommodation for her disability, and retaliated against her in violation of the Americans with Disabilities Act, as amended. Defendant's Partial Motion to Dismiss addresses only Plaintiff's failure-to-accommodate claim.

The Complaint contains the following allegations. Plaintiff worked for Defendant from April 2010 through July 8, 2014 as a dietician. Plaintiff suffers from McCune–Albright Syndrome with Fibrous Dysplasia, which, among other things, impairs Plaintiff's ability to walk, stand, and stay in one position for long periods of time. Plaintiff uses a wheelchair or crutches and frequently rotates between standing and sitting to avoid pain, muscle fatigue, and muscle strain.

Plaintiff alleges she worked with her supervisors successfully, including with supervisor Colleen Stauffer, until Plaintiff requested an accommodation for her disability. Specifically, in late June or early July 2014, Stauffer informed Plaintiff that Stauffer was relocating Plaintiff's work station to a new office with four other dieticians. Plaintiff told Stauffer that the new office would be too small to accommodate Plaintiff's wheelchair. Stauffer did not offer to find a larger or different work space for Plaintiff. Instead, Stauffer told Plaintiff that the size of the office would not matter because Plaintiff would be spending little time in it. Stauffer announced she would require that all dietitians work exclusively from the patient care floors.

Plaintiff told Stauffer that her disability prevented her from working exclusively from the patient care floors because that would not allow Plaintiff to rotate between standing and sitting and because Plaintiff had to strain to reach the tall work stations on the floor. Plaintiff asked to continue to work from both the floor and her office like she had done for the past four years. Stauffer was visibly angry and frustrated that Plaintiff was unable to comply with Stauffer's new demands. Rather than attempt to accommodate Plaintiff's disability or discuss possible solutions, Defendant terminated Plaintiff's employment on July 8, 2014, just days after Plaintiff requested an accommodation of her disability.

Stauffer told Plaintiff that Defendant fired Plaintiff for lacking clinical competence (Plaintiff had purportedly failed a chart audit) and for failing to exhibit Defendant's core values. Plaintiff alleges that these reasons are pretextual because: Plaintiff did not fail the chart audits; Stauffer gave different and conflicting reasons for Plaintiff's termination; on the Termination Evaluation Rating Scale, Stauffer rated Plaintiff "zero" on "Adaptability"; Stauffer failed to follow her own rules regarding chart audits; and another employee who was not disabled was not terminated for failing a chart audit.

On January 11, 2016, Defendant filed a Partial Answer and Affirmative and Other Defenses (d/e 5) and a Partial Motion

to Dismiss (d/e 6). In the Partial Motion to Dismiss, Defendant challenges only Plaintiff's failure-to-accommodate claim. Defendant asserts that this Court lacks subject matter jurisdiction over the claim because Plaintiff does not have standing and the claim is not ripe for adjudication.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir.2014). When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Alicea–Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir.2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. *Burwell*, 770 F.3d at 588–89.

## III. ANALYSIS

Defendant asks that the Court dismiss Plaintiff's failure-to-accommodate claim because Plaintiff lacks standing and the claim is not ripe. Defendant argues that the dismissal should be with prejudice because the claim could never mature into a justiciable claim.

"A case or controversy requires a claim that is ripe and a plaintiff who has standing." *Ind. Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir.2007). Ripeness is concerned with *when* a claim is brought, while the focus of standing is on *who* may bring the action. *Id.* "The doctrines of standing and ripeness are closely related" and sometimes overlap. *Smith v. Wis.*

*Dep't of Agric., Trade & Consumer Protection*, 23 F.3d 1134, 1141 (7th Cir.1994).

■ To have standing, (1) an individual must have suffered an injury in fact that is both (a) concrete and particularized and (b) actual or imminent; (2) the injury must be fairly traceable to the challenged action; and (3) it must be likely that a favorable decision will redress the injury. *Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir.2008). The injury necessary for standing "need not be large, [and] an identifiable trifle will suffice." *Id.* (internal quotations omitted); *see also Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir.1994) (noting that the "Article III standing requirements are rather 'undemanding'") (quoting *North Shore Gas Co. v. E.P.A.*, 930 F.2d 1239, 1242 (7th Cir.1991)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

■ Similarly, the doctrine of ripeness requires that the Court decide actual controversies and not render advisory opinions. *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir.1992). A case is not ripe if the "parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Id.*

Defendant argues that Plaintiff does not have standing because Plaintiff was never subjected to any relocation of her office and, therefore, did not need an accommodation. As such, Defendant contends that Plaintiff has not alleged a concrete or par-

ticularized injury. Defendant also argues that Plaintiff's claim is not ripe because Plaintiff's failure-to-accommodate claim is based entirely on allegations of a contingent future event that may never have occurred. That is, Plaintiff alleged that she and Stauffer had conversations about a possible work station relocation that never occurred.

However, Plaintiff alleges that she requested an accommodation, her supervisor appeared visibly angry and frustrated when Plaintiff made that request, and Plaintiff was terminated shortly thereafter. The Court finds that these allegations are sufficient to demonstrate that Plaintiff has standing and the claim is ripe. *See, e.g., Green v. Am. Univ.,* 647 F.Supp.2d 21, 38 (D.D.C.2009) (although the court did not address standing or ripeness, the court denied summary judgment for the employer because a jury could find that the employer's negative reaction to the employee driver's request to stop and use the restroom followed by a termination constituted a failure to accommodate the plaintiff's disability even though the employee actually stopped and used the restroom). Plaintiff has alleged an actual, concrete injury that is neither speculative nor hypothetical. Plaintiff alleges she suffered a current injury–termination– resulting from Defendant's alleged failure to accommodate her disability. Moreover, she is not complaining about a contingent future event that has not yet occurred because she alleges she was terminated instead of being provided a reasonable accommodation. Therefore, Defendant's Partial Motion to Dismiss for lack of subject matter jurisdiction is denied.

## IV. CONCLUSION

For the reasons stated, Defendant's Partial Motion to Dismiss (d/e 6) is DENIED.

Defendant shall file an amended Answer on or before March 4, 2016.